## W. H. WARNOCK v. JOHN HOLBROOK.

**Waters and Water-Courses—Diversion of Stream.**

Where a person without legal authority diverts the whole or any part of a stream from its natural course, or interferes with its natural current, he is responsible to any one who is entitled to have such

water flow in its natural channel, for any injury resulting from such diversion.

APPEAL FROM GREENUP CIRCUIT COURT.

March 24, 1874.

OPINION BY JUDGE PETERS:

The evidence of Morton, Gray, etc., offered by appellant, was in its character rebutting, and technically should have been admitted as such; but the court offered to admit it as evidence in chief, which was declined by appellant. But we cannot say that the testimony of the witnesses would not have been as available to him if introduced as evidence in chief as if introduced by way of rebutting evidence; and unless the ruling of the court is shown to be prejudicial to appellant, the error, if it be one, is not such as this court can reverse for.

There was evidence conducing to show that appellant had dug a ditch across his land to the creek, through which water flows, and that the water running through that ditch has deposited sand and gravel in the creek at its mouth, so as to form a bar or break of the water, turning it from its natural course against the bank of the creek on appellee's side, making it necessary for him to protect his bank by picketing or otherwise, against the effects of the bar. There was evidence also conducing to show that appellant, by making a log-way on the bank just below on his side, and hauling heavy timbers there to be rafted down, caused the earth there to loosen and render the banks more easily broken.

In view of the tendency of such evidence, it could not have been consistently ignored, and the qualifications inserted in the instructions asked by appellant of the court were not erroneous. Five of the six instructions given on motion of appellee, while one or two of them are mere abstract propositions not strictly applicable to the case, are not such as could operate injuriously on appellant. And after a careful examination of the sixth, we are not prepared to say that it is erroneous.

It is an established legal principle that if a person without authority of law diverts the whole or any part of the water of a stream from its natural course, or interferes with its natural current, he is

responsible to any one who is entitled to have the water flow in its natural channel, for any injury he may sustain thereby. This principle is not controverted in the instruction under consideration, which, as we understand it, informs the jury that if appellant's bank was to any extent injured by the natural current of the water, and he by his own acts strengthened the current in its natural direction by increasing the velocity or force of the stream, appellee should not recover of appellant in that case. And this being the correct interpretation of the instruction, it is in harmony with the law as announced.

Perceiving no error in the proceedings in the court below prejudicial to appellant, the judgment must be affirmed.

*Dulin, Phister, for appellant.*

*Rodman, for appellee.*